**In re Robert E. HANNEGAN, Jr., Debtor.**

**William V. BIDWILL, Plaintiff,**

v.

**Robert E. HANNEGAN, Defendant.**

**Bankruptcy No. 89–02666–293.**

**Adv. No. 89–0319.**

United States Bankruptcy Court, E.D. Missouri, E.D.

May 4, 1993.

---

**3.** Of course, had she done so, the abuse inherent in her Chapter 7 proceeding, 11 U.S.C. § 707(b), · would have been even more apparent.

James N. Brickey, Chris L. Osborn, St. Louis, MO, for plaintiff.

Norman W. Pressman, St. Louis, MO, for defendant.

Leslie A. Davis, Clayton, MO, trustee.

### MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I), which the Court may hear and determine.

### PROCEDURAL BACKGROUND

Robert Hannegan filed a petition seeking the protection of Chapter 7 of the Bankruptcy Code. William V. Bidwill, one of Mr. Hannegan's business associates, filed this two-count challenge to the dischargeability of a debt Hannegan owed him raising objections to the discharge under 11 U.S.C. § 523(a)(2)(A) for actual fraud and under 11 U.S.C. § 523(a)(2)(B) for a written misrepresentation of Debtor's financial condition.

Debtor filed a Motion for Summary Judgment on the Pleadings in which he argued that he should prevail on the § 523(a)(2)(A) count because, even if all of Plaintiff's allegations were true, Plaintiff could not demonstrate that any misrepresentation Debtor allegedly made caused the Plaintiff any harm.

Debtor, in the Memorandum in Support of his Motion for Summary Judgment on

the Pleadings, also argued that the Plaintiff had failed to state a cause of action under § 523(a)(2)(B) because Plaintiff has alleged that he relied upon Debtor's old financial statement *and* Debtor's oral updates to that statement. Mr. Hannegan claims that this is really a reliance upon an oral statement and, therefore, not within the scope of § 523(a)(2)(B).

## FACTUAL BACKGROUND

For the purpose of ruling on Debtor's Motion for Summary Judgment, the Court will take as true the following facts from Plaintiff's Complaint and affidavit on file with the Court.

Mr. Bidwill and the Debtor owned Laclede Foods, Inc. (Laclede) and they jointly and severally guaranteed loans that Boatmen's National Bank of Saint Louis (Boatmen's) and Mercantile Bank, N.A. (Mercantile) made to Laclede. Plaintiff and Debtor orally agreed that they would each be fifty-percent responsible for any debts they had jointly and severally guaranteed.[1] Mercantile, presumably following a default on the payment of those loans, filed suit against Laclede, Bidwill, Hannegan and others for the amount of the loans outstanding. The parties to the Mercantile suit ultimately reached a settlement in which Bidwill and Hannegan agreed to pay Mercantile more than $400,000.00.

The settlement provided that on April 3, 1989, Hannegan would pay Mercantile $188,337.15 (plus $10,000.00 in attorney's fees) and Bidwill would pay the bank $208,337.15. In January of 1989, Hannegan informed Bidwill that he could only pay $140,000.00 of the $188,337.15 that the settlement required him to pay. On April 3, 1989, Bidwill paid Mercantile the $188,337.15 that the settlement required Hannegan to pay Mercantile. After Bidwill satisfied Debtor's duty to Mercantile, Hannegan gave him a cashier's check for $140,000.00 and a promissory note for $48,337.15. Mr.

Bidwill insists that in deciding whether to pay the $188,337.15 that the Settlement obligated the Debtor to pay Mercantile, he relied upon both the financial statement the Debtor had produced during the negotiation of the settlement and certain updates the Debtor orally made to that statement. Bidwill also maintains that as consideration for Hannegan's $140,000.00 cashier's check and $48,337.15 promissory note, he agreed not to pursue Hannegan for the breach of their agreement to pay equal shares of the Laclede debts they had jointly and severally guaranteed, opted not to defend the Mercantile suit and, pursuant to the settlement, released Mercantile from any liability based upon the loans to Laclede.

## DISCUSSION

In the first Count of his Complaint To Determine Discharge of Debt, Bidwill asserts that his reliance on Hannegan's financial statement and oral updates to that statement renders Hannegan's $48,337.15 debt to him nondischargeable. In response, Mr. Hannegan has moved the Court to enter a judgment in his favor on the ground that Bidwill, assuming all he alleges is true, has failed to demonstrate that Debtor's misrepresentations injured him. Hannegan argues that this precludes the Court from denying, on 523(a)(2)(A) grounds, the discharge of the $48,337.15 debt he owes Bidwill because that section denies a debtor the discharge of debts for money obtained through false pretense, misrepresentation or actual fraud and Missouri law requires one who seeks to recover on a fraud theory to show that the fraud caused his injury.

Debtor cites *Betterton v. Fist Interstate Bank of Arizona,* 615 F.Supp. 72 (E.D.Mo. 1985), *rev'd on other grounds,* 800 F.2d 732 (8th Cir.1986), for the proposition that a person cannot be defrauded into doing something she had a pre-existing duty to do.[2] Mr. Hannegan argues that the terms

---

1. Debtor denies the existence of such an agreement and the Court emphasizes that it assumes such agreement exists only for the purpose of ruling on the motion presently before it.

2. The *Betterton,* case involved an application of Arizona law of fraud. 615 F.Supp. at 74. Simi-

larly, Missouri courts have also held that a person cannot prevail in a fraud action without demonstrating that the fraudulent statement proximately caused the plaintiff an injury. *Walters v. Maloney,* 758 S.W.2d 489, 493 (Mo.Ct. App.1988) (citing *Sofka v. Thal,* 662 S.W.2d 502, 506 (Mo.1983) (en banc)). And the Missouri

of Bidwill's guaranty obligated him to pay the entire amount of Laclede's debt to Mercantile and that he suffered no harm from Hannegan's alleged misrepresentations because those misrepresentations only caused him to pay a portion of the debt that his guaranty had already obligated him to pay. Debtor argues that without proof of injury Plaintiff has failed to prove that Debtor defrauded him and so the debt he owes Mr. Bidwill legally cannot be one incurred through false pretense, misrepresentation or actual fraud.

The *Betterton* case involved a trucker who, in conjunction with a loan transaction, signed a note in favor of the First Interstate Bank of Arizona and granted that bank a security interest in his tractor-trailer unit.[3] 615 F.Supp. at 73. The security agreements Mr. Betterton and the bank entered into obligated Mr. Betterton "to keep the collateral [the truck] in good condition and repair." 615 F.Supp. at 74.

The bank sought to repossess the truck following Mr. Betterton's default on his payments under the note. *Id.* at 73. A bank representative contacted Mr. Betterton and learned that the truck was at a garage being repaired. *Id.* The representative told Mr. Betterton that the bank would not repossess the truck if: (1) he paid for the repairs to the truck; and (2) he instructed his broker to deduct money from his paycheck and send it to the bank to cure his default on payment of the note. 800 F.2d at 734. Mr. Betterton complied with the bank representative's requests. *Id.* The bank representative failed to abort the repossession process and a repossession company repossessed and auctioned Mr. Betterton's truck. *Id.* Mr. Betterton sued the bank claiming the bank representative had defrauded him. *Id.*

The United States District Court for the Eastern District of Missouri focused upon the fact that the security agreement Mr.

Betterton entered with the bank obligated him to keep the truck in good repair. The District Court, in ruling in favor of the bank, held that because Mr. Betterton had a duty to keep the truck in good repair, the bank representative could not have defrauded him into paying for the repairs to the truck. 615 F.Supp. at 74.

The Eighth Circuit Court of Appeals reversed the District Court. The Eighth Circuit agreed that a party cannot be defrauded into doing something which he already has a duty to do but noted that in response to the bank representative's representations, Mr. Betterton had initiated a self-garnishment, something the promissory note did not require him to do. 800 F.2d at 735. This additional consideration Mr. Betterton gave in response to the representative's offer, the Circuit Court reasoned, satisfied the injury requirement a plaintiff must show, under Arizona law, to prevail on a theory of fraud. In so holding, the Court stated that "[t]he rule [that a person cannot recover under a theory of fraud for a deception which induces that person to do something he is already bound to do] is inapplicable, however, if the promisee undertakes *any* obligation not required by the pre-existing duty, even if the new obligation involves almost the same performance as the pre-existing duty." 800 F.2d at 734–735 (quoting 1A *Corbin on Contracts*, § 192 (1963)) (emphasis added).

 Plaintiff, in his Memorandum in Opposition to Defendant–Debtor's Motion For Summary Judgment On The Pleadings, argues that he did more than his guaranty obligated him to do and, like Mr. Betterton is not within the scope of the rule that a person cannot recover under a theory of fraud for a deception which induces that person to do something he is already bound to do. Mr. Bidwill claims that as part of his arrangement with Mr. Hannegan he agreed not to sue and, in fact, did not sue

---

Supreme Court has held "[o]ne suffers no damage where he is fraudulently induced to do something which he is under a legal obligation to do." *Walters v. Maloney*, 758 S.W.2d 489, 495 (Mo.Ct.App.1988) (quoting *Field v. National City Bank of St. Louis*, 343 Mo. 419, 121 S.W.2d 769, 774 (1938)).

**3.** The *Betterton* case actually involved two identical notes and two separate loans. For simplicity, this Court will refer to these as one obligation.

Mr. Hannegan for his breach of their agreement to pay equal shares of the Laclede debts they had jointly and severally guaranteed.[4] Missouri law recognizes as valid consideration one's forebearing to enforce her legal or contractual rights. *Missouri Farmers Ass'n v. Barry,* 710 S.W.2d 923, 926 (Mo.Ct.App.1986). The Court holds that, if Mr. Bidwill proves all he has alleged, he can prevail in his suit and the Court will deny Debtor the discharge of the $48,337.15 debt Mr. Hannegan owes to Mr. Bidwill under § 523(a)(2)(A) because, like Mr. Betterton, Mr. Bidwill will have demonstrated that he was injured by Debtor's alleged fraudulent actions.

Similarly, the Court believes that issues of fact remain with regard to the Plaintiff's allegations of non-dischargeability based on § 523(a)(2)(B) of the Bankruptcy Code and will also deny Debtor's Motion for Summary Judgment on that portion of the Plaintiff's Complaint. Mr. Bidwill claims that he relied upon Debtor's written statement of financial condition and oral updates to it in deciding whether to enter into the settlement with Mercantile and in deciding whether to accept Mr. Hannegan's promissory note. The Debtor has argued for judgment on this portion of the complaint on the ground that § 523(a)(2)(B) requires that the plaintiff have relied upon a written statement of the Debtor's financial condition and that Mr. Bidwill's Complaint, in fact, alleges a reliance upon Debtor's oral statements of his financial condition. Mr. Bidwill, in response to Debtor's argument, has cited the Court to case law holding that a creditor could prevail under § 523(a)(2)(B) after showing that the debtor had filed a false, written financial statement and later assured the creditor that the statement accurately reflected his financial condition. *See, In re Martin,* 761 F.2d 1163 (6th Cir.1985). The Court agrees that the Debtor has not demonstrated that

he deserves a grant of his Motion for Summary Judgment on Count Two of the Plaintiff's Complaint. Issues remain regarding the accuracy and veracity of the written statement, the reasonableness of Plaintiff's reliance on the statement, and other elements of § 523(a)(2)(B) apart from the oral nature of some of the statements upon which Plaintiff claims to have relied.

An Order consistent with this Memorandum Opinion will be entered this date.

### *ORDER*

For the reasons set forth in the Memorandum Opinion filed this date, Debtor's Motion For Summary Judgment on the Pleadings is DENIED.

---

**4.** Mr. Bidwill, Mr. Hannegan and the other defendants in the Mercantile litigation agreed to release Mercantile from any claims or causes of action arising from the Laclede loan transactions they could assert against Mercantile. Bidwill also argues that his release of Mercantile from liability and his opting to settle, rather than defend, the Mercantile suit were based in

part upon his agreement with Hannegan to equally split payment of those Laclede debts they jointly and severally guaranteed. Bidwill further asserts that his relinquishment of these rights serves as consideration and differentiates the actions he took in response to debtor's alleged fraud from the duties he had under the promissory note.